**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO**

**LUIS MELENDEZ-PIMENTEL**
Petitioner

         v.                               **CIVIL No.   09-2293  (ADC) (MEL)
(Related to Cr. No.  05-0232 (ADC))**

**UNITED STATES OF AMERICA**
Respondent

**UNITED STATES' RESPONSE IN OPPOSITION TO PETITIONER'S
MOTION TO VACATE SENTENCE, SET ASIDE OR CORRECT
SENTENCE PURSUANT TO 28 U.S.C. 2255**

**TO THE HONORABLE COURT:**

**COMES NOW**, the United States of America through the undersigned attorneys and to this Honorable Court it is very respectfully alleged and prayed as follows:

On December 29, 2009, Luis Meléndez-Pimentel's petition to vacate, set aside or correct sentence was entered on the court's docket. (Cr. No. 05-232, D.E. 561: Civ. No. 09-2293, D.E. 1).[1]

In the Memorandum attached to the petition, Meléndez-Pimentel asserts that counsel was ineffective because he failed to uncover that the government informant had incurred criminal conduct, and therefore his advice should have been to proceed to trial. (Memorandum pp. 24, 25). Petitioner relies on a newspaper article published on March 20, 2008, attached to the petition. (D.E. 1-3, p. 3).

---

1. It is important to note that although Meléndez-Pimentel asserts under penalty of perjury, pursuant to 28 U.S.C. § 1746, that his petition was signed and mailed December 1, 2009, it appears as postmarked in Trenton, New Jersey on December 23, 2009. (D.E. 1-4, p. 1; Attachment 3)

In the attached unsworn declaration under penalty of perjury Meléndez-Pimentel asserts that: 1) counsel never reviewed the case with him; and 2) had he known of the credibility issues he would have not have entered a guilty plea. (D.E. 1-3, pp. 1-2).

On February 15, 2011, the government was directed to respond to petitioner's motion on or before February 25, 2011. (D.E. 6). The government in compliance with the court's Order, submits the instant response in opposition to Petitioner's motion.

## Background

On April 6, 2006, pursuant to a Plea Agreement Meléndez-Pimentel pled guilty to attempting to possess with intent to distribute at least five hundred (500) grams but less than two (2) kilograms of cocaine. (COP Tr., pp. 6, 9). Petitioner also pled guilty to carrying and possessing a firearm during and in relation to a drug trafficking crime. (COP Tr., p. 6; D.E. 108).

During the plea proceedings, the court advised Pimentel of: 1) his right to a jury trial,(COP Tr., pp. 14-15); 2) his basic constitutional rights, (COPTr., p. 15); 3) the statutory minimum and maximum for the offenses, (COP Tr., pp. 7-8); 4) the nature of the offenses charged in the Indictment, (COP Tr., p. 6); and 5) the advisory guidelines, (COP Tr., p. 9). Pimentel admitted that he had discussed the charges with counsel, and understood them. (COP.Tr., p. 7, 19). The court also inquired whether anyone had forced, coerced or intimidated him into pleading guilty. Pimentel denied being coerced or intimidated .(COP Tr, p. 15). The court asked a proffer of evidence which the government provided. (COP Tr., pp. 21-23). After hearing the government's proffer, Pimentel stated to the court that he was in agreement with it. (COP Tr., p. 23).

On August 29, 2006, the Sentencing Hearing was held. (D.E. 270). After considering the guidelines range and the 18 U.S.C. § 3553(a) factors, the court imposed a term of imprisonment of

2

sixty (60) months as to each of Counts Three, and Five, to be served consecutively to each other, for a total term of imprisonment of one hundred twenty (120) months. (D.E. 271).

Conviction was affirmed on appeal. *United States v. Meléndez-Pimentel*, Appeal No. 06-2416(1st Cir. September 2, 2008). No request for a writ of certiorari was filed and conviction became final on December 1, 2008. *Derman v. United States*, 298 F.3d 34 (1st Cir. 2002) (conviction for a federal defendant who fails to file a petition for a writ of certiorari becomes final when the period in which he seasonably might have done so expires).

Since judgment and conviction became final on December 1, 2008, pursuant to the Antiterrorism and Effective Death Penalty Act of 1996, the present § 2255 motion entered on the court's docket on December 29, 2009, is untimely. (D.E. 561).

## Discussion

**Statute of Limitations**

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Public Law No. 104-132, took effect on April 24, 1996. AEDPA instituted a limitations period of one year from the date on which a prisoner's conviction becomes final within which to seek federal habeas relief. Congress intended that AEDPA apply to all section 2255 petitions filed after its effective date. *Pratt v. United States*, 129 F.3d 54, 58 (1st Cir. 1997).

In the present case the conviction was final on December 1, 2008. *Foxworth v. St. Amand,* 570 F.3d 414, 431 (1st Cir. June 29, 2009) (stating that finality means that a judgment of conviction has been rendered, the availability of appeal exhausted, and the time for a petition for certiorari has elapsed or a petition for certiorari filed and finally denied).

The claims raised by petitioner in the instant action accrued after AEDPA's effective date. Therefore, the one (1) year limitations period imposed by AEDPA was triggered, and Meléndez-Pimentel had until December 1, 2009, to file a § 2255 petition, which he failed to do. Since Petitioner's Section 2255 motion was filed on December 29, 2009, after AEDPA's due date, the same is time barred and this case should be summarily dismissed. *Lattimore v. Dubois*, 311 F.3d 46 (1st Cir. 2002) (holding that petition, mailed from prison one day after expiration of grace period of limitations could not be deemed timely filed); *United States v. Marcello*, 212 F.3d 1005, 1010 (7th Cir. 2000) (Section 2255 motion was denied even when filed only one day late because of confusion over the applicable deadline).

Petitioner certifies under penalty of perjury (28 U.S.C. § 1746), that on December 1, 2009, he signed and mailed his petition using the Federal Bureau of Prison's legal mail system at FCI Fort Dix. (D.E. 1, p. 13; Memorandum, D.E. 1-2, p. 28; Sworn Affidavit D.E. 1-3, p. 2).

Notwithstanding Meléndez-Pimentel's claims, Petitioner never made use of the legal mail system at Fort Dix. (See attachment 1). The petition was postmarked at Trenton, New Jersey on December 23, 2009, and arrived at San Juan on December 26, 2009, and was ultimately delivered to the Court on December 28, 2009. (Attachment 2).

The government's attachments establish that FCI Fort Dix has a legal mail system available to inmates, which, if utilized, results in the mail being logged and entered, demonstrating that mail is sent in accordance with the institution's legal mail procedures. Meléndez-Pimentel failed to avail himself of these services, and therefore his petition should be deemed as untimely filed.

Nothing in the record indicates that petitioner made his filing through the use of legal mail. *Houston v. Lack*, 487 U.S. 266 (1988) (adopting a mailbox rule in order to determine when a

prisoner's complaint should be deemed filed); *Morales-Rivera v. United States,* 184 F.3d 109 (1st Cir. 1999) (adopting the prisoner mailbox rule for § 2254 and § 2255 filings). Furthermore, the authorities at FCI Fort Dix contradict Meléndez-Pimentel's statement that he delivered legal mail within the time frame alleged by him. (See attachment 1).

To gain the benefit of the mailbox rule, however, the petitioner must comply with Rule 3(d) of the Rules Governing Section 2255 Proceedings. That rule requires a petitioner to use the prison's legal mail system, if one is available. It also requires the petitioner to provide a declaration or notarized statement that sets forth the date the petition was delivered to prison authorities for filing, and states that first-class postage has been prepaid. It does not appear that Petitioner has complied with this rule. *Allen v. Culliver,* 471 F.3d 1196, 1198-99 (11th Cir.2006) (Petitioner may not gain the benefit of the mailbox rule if she did not comply with Rule 3(d), and without this benefit, the petition may be dismissed as untimely). The burden is on Petitioner to prove that her pleading was timely delivered to prison officials for filing). Accordingly, Meléndez-Pimentel's assertion that he placed his letter on the legal mail system at FCI Fort Dix on December 1, 2009, should be rejected. (See attachment 1). It appears that Meléndez-Pimentel did not make use of the prison mail box rule.

Even if Meléndez-Pimentel's claims are considered on the merits they failed to provide grounds on which relief could be granted. Petitioner alleges that: 1) counsel rendered ineffective assistance; and 2) his plea was not knowing and voluntary, because counsel failed to properly advise him of the facts surrounding his case. Petitioner's allegations as to the timeliness of his petition, and his claim of ineffective assistance of counsel, both lack merit.

**Ineffective Assistance of Counsel**

The benchmark for judging any claim of ineffectiveness is whether counsel's conduct so

undermined the proper functioning of the adversarial process that the trial cannot be relied upon as having produced a just result." *Strickland v. Washington*, 466 U.S. 668, 686 (1984). To succeed on a claim of ineffective assistance, Petitioner must show both incompetence and prejudice: (1) Petitioner must show that counsel's representation fell below an objective standard of reasonableness, and (2) Petitioner must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *Darden v. Wainwright*, 477 U.S. 168 (1986); *Lockhart v. Fretwell*, 506 U.S. 364, 372 (1993) (ineffective assistance of counsel claim also would require him to show that the result of the proceedings was fundamentally unfair or unreliable). In the present case, the alleged errors are non-existent.

As stated before, Petitioner's ineffective assistance claim is premised on the information provided by a newspaper article dated March 20, 2008. The article essentially states that an **Indictment was filed on January 30, 2008**, and the next day, **January 31, 2008**, a confidential informant, Orlando Merced Morales, was arrested by federal agents for conduct that originated on December 2004. In the present case, the federal criminal investigation against the informant came to a conclusion long after the entry of Petitioner's plea on April 6, 2006. (D.E. 188). The Sixth Amendment does not entitle Meléndez-Pimentel to clairvoyant counsel. *United States v. Harms,* 371 F.3d 1208, 1212 (10th Cir. 2004) (the Sixth Amendment does not require counsel for a criminal defendant to be clairvoyant). *See also Wajda v. United States,* 64 F.3d 385, 388 (8th Cir.1995) (counsel's performance is not deficient by failing to predict future developments in the law).

Moreover, under the circumstances present here it is doubtful that at the time of petitioner's prosecution, counsel was aware of the ongoing federal criminal investigation on the informant, and obtaining discovery on a pending federal criminal investigation is speculative. *Forrest v. Corzine*, ---

F.Supp.2d ----, 2010 WL 4687810 *3 (D.N.J., November 9, 2010) (stating court may limit, delay or bar discovery, if the discovery legitimately interferes with an ongoing criminal investigation). *See also National Congress for Puerto Rican Rights ex rel. Perez v. City of New York*, 194 F.R.D. 88, 95 (S.D.N.Y. 2000) (discussing law enforcement privilege, which is similar to official information privilege in some respects, and noting that an investigation need not be ongoing for the law enforcement privilege to apply, as the ability of a law enforcement agency to conduct future investigations may be seriously impaired if certain information is revealed).

Furthermore, on direct appeal the information on the criminal investigation and prosecution of the federal informant surfaced. Appellant's brief was filed on July 21, 2008, and a supplemental pro se brief on August 26, 2008. At that time the criminal investigation on the informant had concluded, and charges had been filed. Appellant's claim was rejected on direct appeal. There, the Court stated:

> ...Counsel brings to our attention the argument that appellant should have been informed before entering his plea that a government informant might have credibility problems. Appellant's admission of factual guilt undermines any contention that justice requires that we disregard the waiver on this basis...

*United States v. Meléndez-Pimentel*, Appeal No. 06-2416(1st Cir. September 2, 2008).

Meléndez-Pimentel is not entitled to relitigate claims that were rejected on direct appeal. *Withrow v. Williams*, 507 U.S. 680 720-21 (1993) (claims that previously have been addressed on direct review, may not be re-adjudicated collaterally under § 2255 absent equitable considerations, such as actual innocence or cause and prejudice); *Berthoff v. United States*, 308 F.3d 124, 127-128 (1st Cir. 2002) (A Section 2255 petition cannot be used to litigate matters that were decided on appeal). Therefore, the Judgment issued on appeal precludes Meléndez- Pimentel from obtaining

review of the same claim through a collateral proceeding under 28 U.S.C. § 2255. In view of the foregoing, petitioner's present collateral challenges to his conviction should be rejected.

## Conclusion

In view of the above, the Government respectfully submits that petitioner's motion to vacate, set aside or to correct sentence is untimely. Additionally his claims lack merit. Thus his motion should be dismissed.

**RESPECTFULLY SUBMITTED.**

In San Juan, Puerto Rico, this 25th day of February, 2011.

**ROSA EMILIA RODRIGUEZ-VELEZ**
United States Attorney

/s/ *Nelson Pérez-Sosa*
Nelson Pérez-Sosa - 202201
Assistant United States Attorney
Chief Appellate Division
United States Attorney's Office
Torre Chardón, Suite 1201
350 Carlos Chardón Ave.
San Juan, Puerto Rico 00918
Tel. (787) 766-5656

# CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on February 25, 2011, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system and I hereby certify that I have mailed by United States Postal Service the document to the following non CM/ECF participant: Luis Meléndez-Pimentel, Reg. No. 24477-069, Fort Dix FCI , Federal Correctional Institution, P.O. Box 2000, Fort Dix, NJ 08640.

In San Juan, Puerto Rico, this 25rd day of February, 2011.

/s/ *Nelson Pérez-Sosa*
Assistant United States Attorney
Chief Appellate Division

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| LUIS MELENDEZ-PIMENTEL,<br>Petitioner,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br>Respondent. | CIVIL No.   09-2293  (ADC)<br>(MEL)<br>(Related to Cr. No.  05-0232<br>(ADC)) |

DECLARATION OF LEANDER BATISTE

I, LEANDER BATISTE, do hereby declare and state as follows:

1. I am currently a Correctional Counselor at the Federal Correctional Institution (FCI), Fort Dix, New Jersey. I have been employed by the Bureau of Prisons since March 1994, and have been a FCI Fort Dix Correctional Counselor since 2004. I make this declaration in support of the United States' Response in Opposition to Petitioner's Motion to Vacate Sentence, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. 2255.

2. It is my understanding that inmate Luis Melendez-Pimentel, Register Number 24477-069, alleges that he gave his habeas corpus petition for mailing purposes to prison staff on December 1, 2009.

3. I am currently inmate Melendez-Pimentel's Correctional Counselor, and was his Counselor during the time period at issue. As a Correctional Counselor, I am a member of a Unit Team, which is made up of a Unit Secretary, a Correctional Counselor, a Case Manager, and a Unit Manager. Our offices are located within the inmate housing units, and I assist inmates with their daily needs. I am familiar with the process inmates must take in order to have legal mail logged in or tracked by Unit staff.

4. At FCI Fort Dix, each housing unit has a designated mailbox for all general correspondence. That mail is picked up daily by staff. If an inmate has special or legal mail, this correspondence can be logged in by one of the members of an inmate's Unit Team, to assist the inmates in tracking their correspondence.

5. In order for an inmate to have his legal mail logged in by a Unit staff member, he must turn that mail over to a staff member directly. The Unit Team member, in turn, writes the inmate's name, Register Number, date, and destination of the mail, into the mail log book. If applicable, the certified mail number is also documented in the log book. Both the Unit Team member and the inmate sign the log book. A Unit Team member brings the daily special/legal mail to the legal mailbox every afternoon. A mailroom staff member retrieves the legal mail from the legal mailbox every morning.

6. In connection with the instant litigation, I searched the unit mail log for any correspondence mailed by inmate Melendez-Pimentel in December 2009. The review had negative results, which means inmate Melendez-Pimentel did not turn legal mail into his Unit Team for mailing in December 2009.

       I declare that the foregoing is true
and correct to the best of my knowledge and
belief, and is given under penalty of perjury
pursuant to 28 U.S.C. ⱻ 1746.

_/s/ Leander H Batiste_
Leander Batiste
Correctional Counselor
FCI Fort Dix

2/24/11
Date

**Marin, Jose (USAPR)**

| | |
|---|---|
| **From:** | U.S._Postal_Service_ [U.S._Postal_Service@usps.com] |
| **Sent:** | Wednesday, February 16, 2011 4:02 PM |
| **To:** | Marin, Jose (USAPR) |
| **Subject:** | U.S. Postal Service Track & Confirm email Restoration - 7009 1680 0002 2796 1297 |

This is a post-only message. Please do not respond.

Jose Marin has requested that you receive this restoration information for Track & Confirm as listed below.

Current Track & Confirm e-mail information provided by the U.S. Postal Service.

Label Number: 7009 1680 0002 2796 1297

Service Type: Certified Mail(TM)

| Shipment Activity | Location | Date & Time |
|---|---|---|
| Delivered | SAN JUAN PR 00918 | 12/28/09  1:58pm |
| Arrival at Unit | SAN JUAN PR 00918 | 12/26/09  7:05am |

USPS has not verified the validity of any email addresses submitted via its online Track & Confirm tool.

For more information, or if you have additional questions on Track & Confirm services and features, please visit the Frequently Asked Questions (FAQs) section of our Track & Confirm site at http://www.usps.com/shipping/trackandconfirmfaqs.htm

1

